Filed 5/6/26  P. v. Rivera CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>CARLO MAGNO RIVERA,<br><br>        Defendant and Appellant. | C103618<br><br>(Super. Ct. No. 25CR-000261) |

Appointed counsel for defendant Carlo Magno Rivera asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to him, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2025, defendant began an argument with a man and his 17-year-old son.  During the argument, defendant approached the father and son and threatened to stab them both while holding two knives.  Defendant also drew a line in the dirt and told them that if they crossed the line, they would be assaulted.  Afraid for their safety and believing defendant would follow through with his threat as a member of a criminal street gang, the father and son left the area.

1

As a result of the episode described *ante*, the People charged defendant with felony criminal threats (Pen. Code,[1] § 422, subd. (a); count I). The People also alleged defendant had a prior serious and violent felony conviction pursuant to sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i) for robbery (§ 211) in 2004. In the same criminal complaint, the People charged defendant with misdemeanor child endangerment (§ 273a, subd. (b); count II); and misdemeanor failure to provide for child (§ 270; count III), based on apparently unrelated conduct.[2]

Pursuant to a plea agreement with a maximum sentence of six years, referral to treatment court, and dismissal of counts II and III, defendant pled guilty to count I and admitted the prior strike conviction. The trial court dismissed the remaining counts.

Defendant was referred to the Tehama County Health Services Agency (the Agency) for a treatment court eligibility and suitability evaluation. The Agency assessed defendant as high risk and found him unsuitable for treatment court based on his criminal and gang association, history of violence, anti-social thinking patterns, significant substance abuse, lack of stable housing, and long criminal history.

Defendant moved to dismiss the prior strike conviction and grant probation under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. In his *Romero* motion, defendant noted his age, remorse, and strong family ties. Defendant also argued that the instant offense was a single nonviolent offense involving no injury or criminal sophistication, the offense occurred as a result of substance abuse, and he incurred his prior strike conviction more than 20 years prior, when he was only 18 years old. Defendant also argued he was no longer a gang member, and he understood his need to stay sober for his children. The People opposed the motion because of the violent

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    The record provides no details regarding counts II and III other than allegations listed below those counts in the criminal complaint.

nature of the present offense, defendant's continuing gang affiliations, his long-term drug addiction problem and unwillingness to pursue treatment, and his three prior felony convictions, specifically robbery with a firearm in 2004 (§ 211), assault with a deadly weapon in 2014 (§ 245, subd. (a)(1)), and felon in possession of ammunition in 2022 (§ 30305).  The People also argued that defendant committed the present offense immediately after being released from prison.

The trial court denied defendant's *Romero* motion and sentenced defendant to the middle term of two years in state prison, doubled to four years due to the prior strike, below the six-year maximum sentence agreed to by the parties.  The court imposed a $1,200 restitution fine (§ 1202.4, subd. (b)) and imposed but stayed a $1,200 parole revocation fine (§ 1202.45).  The court also imposed a $40 court operations assessment (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373). The court awarded defendant 59 days of actual custody credit and 58 days of conduct credit, for a total of 117 days credit for time served (§ 4019).

Defendant timely appealed and did not request a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

DISPOSITION

The judgment is affirmed.

\s\
KRAUSE, Acting P. J.

We concur:

\s\
BOULWARE EURIE, J.

\s\
MESIWALA, J.

4